## CITY OF MIAMI v. HALE.
## No. 4487.

Circuit Court, Dade County, Criminal Appeal.

February 27, 1958.

Walter E. Gwinn, Miami, for appellant.

John G. Thomas, Ass't. City Attorney, for appellee.

STANLEY MILLEDGE, Circuit Judge.

The defendant was convicted of driving while intoxicated. No witness saw him driving while intoxicated. The case against him is entirely circumstantial. In order to justify a conviction the circumstances must not only be consistent with the guilt of the defendant (which is a conclusion which could be reached by rejecting the

testimony favorable to the defendant), but must be inconsistent with any other hypothesis. Without regard to weight or credibility, the exclusive province of the trial judge, the evidence does not permit such a conclusion. It does not follow that because a man is found sitting behind the wheel of a stationary vehicle that he must have been driving it previously. Nor does the fact that the defendant's companion, who says he was doing the driving, told the police officer that he had parked the car across the street from where the officers found it, exclude the hypothesis of innocence. This is demonstrated by the companion's testimony at the trial when he said the same thing and then explained how the truck got into its position when found by the officers. I do not suggest that Anderson had to be believed. It is merely illustrative of the inconclusiveness of the hypothesis of guilt.

It is ordered that the judgment of conviction be reversed and that a judgment of acquittal be entered at the cost of the city.